UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PRISCILLA STEWART | CIVIL ACTION |
| VERSUS | NO. 18-10058 |
| SMITTY'S SUPPLY, INC. | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is defendant Smitty's Supply, Inc.'s partial motion for judgment on the pleadings.[1] Because the plaintiff fails to allege any facts by which the Court can find an action for intentional infliction of emotional distress, and because the Louisiana Worker's Compensation Act generally bars Article 2315 claims, the Court grants the defendant's motions.

## I. BACKGROUND

This case arises out of Priscilla Stewart's termination from her job at Smitty's Supply. While employed for the defendant, Stewart suffered an injury to her knee and was reassigned to light work.[2] Four months later, Smitty's Supply terminated Stewart.[3] The purported reason for the

---

1  R. Doc. 17.
2  R. Doc. 1 at 2 ¶¶ 4-6.
3  *Id.* at 2 ¶ 7.

termination was "re-organization and consolidation."[4] Stewart avers that this reason was only pretextual, and that she was replaced by a younger, non-disabled employee.[5] After receiving a right to sue letter from the EEOC, Stewart filed a complaint against Smitty's Supply alleging wrongful termination.[6] Stewart's complaint alleges a host of causes of action, including a claim under La. Civ. Code art. 2315 and a claim of infliction of emotional distress.[7] Smitty's Supply filed a motion for judgment on the pleadings, asking the Court to dismiss Stewart's Article 2315 and infliction of emotional distress claims.[8]

## II. LEGAL STANDARD

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). In deciding a motion under Rule 12(c), a court must determine whether the complaint, viewed in the light most favorable to the plaintiff, states a valid claim for relief. *Id.* In deciding this motion, the Court must look only to the pleadings, *Brittan*

---

[4] *Id.*
[5] *Id.* at 2 ¶¶ 8-9.
[6] *Id.* at 3 ¶ 10.
[7] *Id.* at 11.
[8] R. Doc. 17.

2

*Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002), and exhibits attached to the pleadings, *see Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 n. 4 (5th Cir. 1998).

### III. DISCUSSION

Smitty's Supply first requests dismissal of Stewart's claim under Article 2315. Article 2315 is a general tort statute that covers a wide variety of claims. It creates broad liability for "[e]very act whatever of man that causes damage to another . . . ." La. Civ. Code art. 2315(A). But the Louisiana Workers' Compensation Act provides the exclusive remedy for personal injuries sustained in the course and scope of employment due to an employer's fault, and therefore generally bars tort claims under Article 2315 unless there is an intentional act or an independent breach of a legally recognized duty. *See* La. Civ. Code art. 23:1032 ("Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury . . . shall be exclusive of all other rights, remedies and claims for damages."); *see also Duncan v. Wal-Mart La.*, 863 F.3d 406, 408 n.1 ("The exclusivity provision of Louisiana Worker's Compensation Act would usually bar an employee's suit for negligence against her employer."); *Fox v. Commercial Union Ins. Co.*, 396 So. 3d 543,

548 (La. App. 3 Cir. 1981) (holding that the Louisiana Worker's Compensation Act provides a substantive exception to the rule of Article 2315). Stewart does not quarrel with this analysis, and she "agrees that federal and state anti-discrimination laws provide sufficient recovery without having to rely on Louisiana's Article 2315."[9] The Court finds that to the extent the plaintiff asserts a garden-variety negligence claim via Article 2315, such a claim is barred.

As discussed further below, the plaintiff also argues she can properly plead an intentional infliction of emotional distress claim. An IIED claim involves an intentional act and therefore is not subject to the Louisiana Workers' Compensation Act's exclusivity provision. And because the legislature has not enacted a specific remedial system for IIED, it falls under the broad ambit of Article 2315. *See Gluck v. Casino Am. Inc.*, 20 F. Supp. 2d 991, 995 (W.D. La. 1998) ("A plaintiff seeking to proceed against his employer under Article 2315 need only allege the breach of a legally-recognized duty (such as the prohibition against intentional infliction of emotional distress) for which the state legislature has not specifically provided a remedial scheme"); *see also White v. Monsanto*, 585 So. 2d 1205, 1209 (La. 1991) (considering Article 2315 in affirming IIED claims in

---

[9] R. Doc. 22 at 1.

Louisiana). Because the plaintiff seeks leave to amend her complaint to state an IIED claim, the Court therefore dismisses Stewart's Article 2315 claim without prejudice.

Smitty also seeks dismissal of Stewart's intentional infliction of emotional distress claim. An action for IIED requires proof of three elements: "(1) That the defendant's conduct was extreme and outrageous; (2) the emotional distress suffered by plaintiff was severe; and (3) the defendant intended to inflict severe emotional distress or knew that such distress would be certain or substantially certain to result from [its] conduct." *White*, 585 So. 2d 1205, 1209 (La. 1991). Courts have held that unlawful termination alone is not sufficient in and of itself to support an IIED claim. *See, e.g.*, *Wilson v. Monarch Paper Co.*, 939 F.2d 1138, 1144 (5th Cir. 1991).

Outside of the general allegation of wrongful termination, the plaintiff's threadbare complaint alleges no facts supporting any of the elements of IIED. Nothing in the complaint suggests the defendant's conduct was "extreme and outrageous" in the degree required for an IIED claim. Nor does the complaint allege any sort of emotional distress on Stewart's part, or indicate that the defendant intended to cause or knew it

5

would cause such distress. Rather, the complaint simply describes an ordinary dispute over the reason for an employee's termination.

Stewart does not seriously contest that the facts alleged in the complaint are insufficient to plausibly allege an IIED claim, nor could she. Instead, she requests leave to amend her complaint to allege facts sufficient to support an IIED claim. "The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

When deciding whether leave to amend should be given, the Court considers multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman*, 371 U.S. at 182. The Court finds none of these factors present here. The Court will therefore dismiss Stewart's Article 2315 and IIED claims without prejudice and with leave to amend within twenty-one days of entry of this Order.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the defendant's partial motion for judgment on the pleadings, and dismisses the plaintiff's Article 2315 and IIED claims WITHOUT PREJUDICE. The Court GRANTS the plaintiff leave to file an amended complaint within twenty-one days of this Order.

New Orleans, Louisiana, this __31st__ day of October, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE